IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:20-cv-00547-M

| | |
|---|---|
| KYRSTEN ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| FIREBIRDS INTERNATIONAL, LLC, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on Plaintiff's unopposed motion to stay her lawsuit—in which she alleges that Defendant engaged in employment practices prohibited by Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991—pending arbitration of the parties' employment dispute. [DE-10]

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, embodies the "liberal federal policy favoring arbitration agreements[,]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and allows parties to agree to arbitrate as an effective and cost-efficient means to resolve disputes. The FAA requires a district court to stay "any suit or proceeding" pending arbitration of "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. The Fourth Circuit has said that the FAA requires a district court to stay litigation pending arbitration if the party seeking arbitration "can demonstrate (1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect or refusal of the defendant to arbitrate the dispute." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500–01 (4th Cir. 2002).

1

In reviewing a motion to stay pending arbitration, a district court may consider materials outside the pleadings, including the purported written agreement to arbitrate itself, to determine whether the parties agreed to arbitrate. *See Berkeley Cty. Sch. Dist. v. Hub Int'l. Ltd.*, 944 F.3d 225, 234 (4th Cir. 2019).

Plaintiff's complaint alleges that Defendant engaged in employment practices that are unlawful under federal laws passed pursuant to Congress's power to regulate interstate commerce [DE-1], *see generally Katzenbach v. McClung*, 379 U.S. 294 (1964), and Plaintiff has attached a document to her motion to stay pending arbitration which demonstrates an agreement between the parties requiring arbitration of any employment-based disputes between them. [DE-10-1] Plaintiff's motion also states that Defendant does not oppose arbitration, and Defendant has not filed any opposition to the motion. [DE-10 ¶ 5]

The court accordingly concludes that the parties' dispute is referable to arbitration under the FAA, GRANTS Plaintiff's motion to stay further litigation, and DIRECTS the parties to undertake arbitration pursuant to their agreement. Because of its ruling, the court DISMISSES AS MOOT Defendant's pending motion seeking an extension of time to respond to Plaintiff's complaint. [*see* DE-9]

SO ORDERED this the 7th day of January, 2021.

Richard E. Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE

2

Case 5:20-cv-00547-M   Document 11   Filed 01/07/21   Page 2 of 2